```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
                                                                        :
KIETA DIANGO,                                                           :
                                                                        :
                              Plaintiff,                                :     15-CV-3106 (JMF)
                                                                        :
              -v-                                                       :     MEMORANDUM OPINION
                                                                        :     AND ORDER
THE CITY OF NEW YORK et al.,                                            :
                                                                        :
                              Defendants.                               :
                                                                        :
------------------------------------------------------------------------X
```

JESSE M. FURMAN, United States District Judge:

On April 16, 2015, Plaintiff Kieta Diango, proceeding *pro se*, commenced this action under Title 42, United States Code, Section 1983 and New York State law against the City of New York and two New York City Police Department ("NYPD") officers.[1] Diango's central claims — for false arrest and malicious prosecution — arise out of a traffic stop during which he was arrested for having allegedly forged a thirty-day temporary registration tag for his vehicle. On November 18, 2016, Defendants moved for summary judgment, pursuant to Rule 56 of the Federal Rules of Civil Procedure, arguing that Diango's arrest was lawful and, in the alternative, that the Defendant officers are entitled to qualified immunity. (Docket Nos. 46 & 48 ("Defs.' Mem.")). On December 29, 2016, after Diango had failed to timely oppose the motion, the Court issued an Order directing him to show cause in writing why Defendants' motion should not be deemed unopposed — and warning that a failure to do so within two weeks might result in the dismissal of his claims for abandonment or failure to prosecute pursuant to Rule 41 of the

---

[1] Although Defendants suggest that Plaintiff's true name may be "Diango Keita" (Docket No. 48, at 1 n.1), the Court refers to him by the name on the Complaint.

Federal Rules of Civil Procedure. (Docket No. 50 ("Order To Show Cause")). Diango has not responded to the Order To Show Cause or otherwise indicated an intent to proceed with his case.

In light of the foregoing, Diango's case is dismissed on the ground of abandonment and failure to prosecute. It is well established that a court "may, and generally will, deem a claim abandoned when a plaintiff fails to respond to a defendant's arguments that the claim should be dismissed." *Lipton v. Cnty. of Orange, N.Y.*, 315 F. Supp. 2d 434, 446 (S.D.N.Y. 2004); *see also Robinson v. Fischer*, No. 09-CV-8882 (LAK) (AJP), 2010 WL 5376204, at *10 (S.D.N.Y. Dec. 29, 2010) (collecting cases). Moreover, the Court's Order to Show Cause expressly warned Diango that a failure to show good cause could result in the dismissal of the case on grounds of abandonment or failure to prosecute. *See* Fed R. Civ. P. 41. In light of that Order, and the passage of time, Diango has had ample opportunity to manifest an intent to proceed with his case; his silence makes clear that he has abandoned it. Accordingly, the Court finds that Diango's claims were abandoned and dismisses them on that basis.

In the alternative, the Court grants Defendants' unopposed summary judgment motion on the merits. *See, e.g.*, *Trustees of IATSE Annuity Fund v. Backstage Lighting & Rigging, Omelio LLC*, No. 11-CV-6166 (JMF), 2012 WL 5974012, at *2 (S.D.N.Y. Nov. 29, 2012) (acknowledging Second Circuit precedent stating that a court should not grant an unopposed summary judgment motion automatically, but should "(1) determine what material facts, if any, are disputed in the record presented on the motion; and (2) assure itself that, based on those undisputed material facts, the law indeed warrants judgment for the moving party"). Specifically, the Court finds — substantially for the reasons stated in Defendants' memorandum of law (*see* Defs.' Mem 5-12) — that there was probable cause to arrest and prosecute Diango.

An officer has probable cause to arrest if he has "knowledge or reasonably trustworthy information sufficient to warrant a person of reasonable caution in the belief that an offense has been committed by the person to be arrested." *Martinez v. Simonetti*, 202 F.3d 625, 634 (2d Cir. 2000). Upon review of the record, the Court finds that that standard was easily met here: The allegedly forged tag identified Diango as the owner of the vehicle even though Diango admitted to the officer that he was not the owner; Diango is a New York resident and the officer knew that New York residents could not receive that form of temporary vehicle registration from the state of New Jersey; and the other documentation provided by Diango to the officer included several other discrepancies relating to ownership of the vehicle. (*See* Defs.' Mem. 7-8). In light of these circumstances, probable cause certainly existed to arrest and prosecute Diango for forgery.

The existence of probable cause is fatal to Diango's false arrest, false imprisonment, and malicious prosecution claims against the Defendant officers. *See, e.g.*, *Torraco v. Port Auth. of N.Y. and N.J.*, 615 F.3d 129, 139 (2d Cir. 2010) ("Probable cause is an absolute defense to a false arrest claim"); *Jocks v. Tavernier*, 316 F.3d 128, 136 (2d Cir. 2003) (requiring as "lack of probable cause for commencing the proceeding" to sustain a malicious prosecution claim); *Posner v. City of New York*, No. 11-CV-4859 (JMF), 2014 WL 185880, at *7 (S.D.N.Y. Jan. 16, 2014) (finding probable cause to be a "complete defense to [p]laintiff's claims of false arrest and false imprisonment"). Similarly, Diango's claim against the City of New York must fail because he cannot make out a claim for any constitutional violation. *See, e.g.*, *Schultz v. Inc. Vill. of Bellport*, 479 F. App'x 358, 360 (2d Cir. 2012) (summary order) ("Because [Plaintiff] was unable to establish an underlying violation of his constitutional rights . . . his . . . *Monell* claim necessarily fail[s] as well." (footnote omitted)). And, even assuming *arguendo* there was no

3

probable cause, there was certainly "*arguable* probable cause" such that the Defendant officers would be entitled to qualified immunity. In general, qualified immunity shields government officials from civil suits for damages "insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982). Given the Court's discussion above, it follows that a reasonable person in the officers' positions would not have understood that arresting Diango under these circumstances violated his constitutional rights and that they are entitled to qualified immunity. *See, e.g.*, *Saucier v. Katz*, 533 U.S. 194, 202 (2001); *Sullivan v. City of New York*, No. 14-CV-1334 (JMF), 2015 WL 5025296, at *8 (S.D.N.Y. Aug. 25, 2015).

Finally, to the extent Diango asserts any claims under New York state law, those claims must be and are dismissed. First, a claim for false arrest or malicious prosecution under New York law is substantially the same as under the comparable claims under Section 1983. *See Weyant v. Okst*, 101 F.3d 845, 852 (2d Cir. 1996) (false arrest); *Posr v. Doherty*, 944 F.2d 91, 100 (2d Cir. 1991) (malicious prosecution). Because Diango's federal claims fall short, his state claims fall short as well. Second, and in any event, the Court would decline to exercise supplemental jurisdiction over any surviving state law claims under Title 28, United States Code, Section 1367. *See, e.g.*, *In re Merrill Lynch Ltd. P'ships Litig.*, 154 F.3d 56, 61 (2d Cir. 1998); *see also United Mine Workers v. Gibbs*, 383 U.S. 715, 726 (1966).

For the foregoing reasons, Defendants' motion for summary judgment is GRANTED, and the case is dismissed. The Clerk of Court is directed to terminate Docket No. 46; to mail a copy of this Memorandum Opinion and Order to Diango; and to close the case.

The Court certifies, pursuant to Title 28, United States Code, Section 1915(a)(3), that any

4

appeal from this Memorandum Opinion and Order would not be taken in good faith, and *in forma pauperis* status is thus denied. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated: May 15, 2017
      New York, New York

                                           JESSE M. FURMAN
                                           United States District Judge